# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8449 | **DATE** | 7/12/2012 |
| **CASE TITLE** | Life Plans, Inc. vs. Security Life of Denver Insurance Company | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies defendant's motion to dismiss [8].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In 2011, the parties entered into a contract in which plaintiff agreed to market and defendant agreed to underwrite a specialized insurance policy that they had jointly developed. Plaintiff alleges that defendant refused to perform its obligations and now sues for breach of contract and breach of the covenant of good faith and fair dealing. Defendant has filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) and (b)(6) to dismiss both claims for improper venue or failure to state a claim.

**Choice of Law**

The parties' contract states that it "will be governed by and construed under the laws of the State of Delaware." (Compl., Ex. A, Contract at 20.) Under Illinois' choice-of-law-principles, which govern this diversity case, *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941), the Court will enforce the parties' choice of law unless it is "dangerous, inconvenient, immoral, []or contrary to [Illinois] public policy." *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 330 (7th Cir. 1987) (quotation omitted). Delaware law is none of these. It is, therefore, the law that applies to this case.

**Venue**

With respect to venue, the contract states: "The parties agree that the federal courts located in, and the state courts of, Delaware, will have jurisdiction and is the appropriate venue for any required judicial interpretation and enforcement of this [contract]." (Compl., Ex. A, Contract at 20.) This clause identifies the Delaware courts as a proper, but not the exclusive, venue for this suit. *See PPF Safeguard, LLC v. BCR Safeguard Holding, LLC*, No. 4712-VCS, 2010 WL 2977392, at *5 (Del. Ch. July 29, 2010) (stating that a forum selection clause designates an exclusive forum only if it "express[ly] . . . excludes all other courts before which th[e] parties could otherwise properly bring an action") (quotation omitted); *Eisenbud v. Omnitech Corporate Solutions, Inc.*, No. 14695-NC, 1996 WL 162245, at *1 (Del. Ch. Mar. 21, 1996) ("[A]bsent clear language, a court will not interpret a forum selection clause to indicate the parties intended to make jurisdiction exclusive.").

**STATEMENT**

Because the contract does not designate an exclusive forum, the forum selection clause is not a basis for dismissing this suit.

**Merits**

In Count I, plaintiff alleges that defendant breached the parties' contract by failing to issue and underwrite the policy they had developed. Defendant argues that the claim should be dismissed because plaintiff affirmatively alleges that a condition precedent to performance, defendant's internal approval of the policy, did not occur. (*See* Compl. ¶ 31; *id.*, Ex. A, Contract at 3 (stating that defendant's approval of the policy is a condition precedent to its other obligations).) However, neither Delaware law nor Rule 9(c) requires plaintiff to allege that all conditions precedent have occurred. *See Crowhorn v. Nationwide Mut. Ins. Co.*, No. Civ A00C-06-010 WLW, 2001 WL 695542, at *2 (Del. Super. Apr. 26, 2001) (stating that a contract claim has "three essential elements: (1) the existence of a contractual obligation, (2) an alleged breach of that obligation, and (3) damages resulting from the alleged breach"); *Eisenmann Corp. v. Gen. Motors Corp.*, No. 99C-07-260-WTQ, 2000 WL 140781, at *17-19 (Del. Super. Jan. 28, 2000) (denying motion to dismiss contract claims for failure to allege occurrence of conditions precedent); 5A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice & Procedure § 1303 (3d ed. 1998) (stating that Rule 9(c) "obliges the pleader to allege . . . the performance of any relevant conditions or to state that the performance or occurrence of the conditions precedent was waived or excused"). Thus, at this stage of the litigation, plaintiff's allegation that it "has performed all obligations and conditions precedent required of it under the [contract] except those that it has been prevented or excused from performing because of [defendant's] wrongful conduct" is sufficient. (Compl. ¶ 35.)

In Count II, plaintiff alleges that defendant breached the covenant of good faith and fair dealing by unreasonably preventing a condition precedent, its internal approval of the policy, from occurring. Defendant says the covenant has no application here because the parties expressly agreed that defendant's approval of the policy was a condition precedent to its performance. Having agreed to that term, defendant argues, plaintiff cannot use the implied covenant to avoid it. *See Dave Greytak Enters., Inc. v. Mazda Motors of Am., Inc.*, 622 A.2d 14, 23 (Del. Ch.) ("[W]here the subject at issue is expressly covered by the contract . . . , the implied duty to perform in good faith does not come into play."), *aff'd*, 609 A.2d 668 (Del. Super. 1992).

Plaintiff does not, however, dispute that the contract gives defendant the discretion to determine whether the policy approval condition will occur. Rather, plaintiff alleges that defendant failed to exercise that discretion reasonably. (*See* Compl. ¶¶ 31-32, 40-42.) Those allegations are sufficient to state a viable claim for breach of the covenant of good faith and fair dealing. *See Benerofe v. Cha*, No. 14614, 1998 WL 83081, at *6 (Del. Ch. Feb. 20, 1998) (stating that a claim for breach of the covenant can be based on "the assertion that defendants have deliberately prevented the occurrence of conditions precedent"); Paul M. Altman, Srinivas M. Raju, *Delaware Alternative Entities and the Implied Contractual Covenant of Good Faith and Fair Dealing under Delaware Law*, 60 Bus. Law. 1469, 1480-81 (Aug. 2005) ("When a party is afforded discretion in a contract, the issue is whether the Implied Covenant will be invoked to add any limitations on the exercise of such discretion. Delaware cases generally support the proposition that the Implied Covenant requires that such discretion must be exercised in good faith and consistent with the reasonable expectations of the parties.").