IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFE PLANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SECURITY LIFE OF DENVER INSURANCE COMPANY and ING U.S., INC. n/k/a VOYA FINANCIAL, INC., <br><br> Defendants. | No. 11-cv-8449 <br><br> Honorable Ronald A. Guzman |
| LIFE PLANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ING U.S., INC. n/k/a VOYA FINANCIAL, INC., <br><br> Defendant. | Consolidated with: <br><br> Case No. 13-cv-7864 |

## **DEFENDANT ING US., INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant ING U.S., Inc., n/k/a Voya Financial, Inc. ("ING U.S."), by its attorneys, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, for its Motion for Judgment as a Matter of Law, states as follows:

## **I.    Introduction**

LPI has sued ING U.S. for tortious interference with contract. INS U.S. has asserted LPI's failure to mitigate as an affirmative defense. No reasonable jury would have a legally sufficient basis to find for LPI, for the following reasons:

(1) ING U.S. was not a stranger to the Joint Cooperation Agreement ("JCA") between LPI and Security Life of Denver Insurance Company ("SLD").

(2) ING U.S., as the parent company of SLD, is entitled to a conditional privilege.

(3) ING U.S. did not induce SLD to breach the Joint Cooperation Agreement ("JCA").

(4) SLD did not breach the JCA.

(5) No breach of the JCA (if any) was caused by wrongful conduct of ING U.S.

(6) LPI cannot recover lost profits.

(7) LPI has not proven trailing commissions.

(8) LPI can recover nominal damages at most.

(9) LPI is not entitled to punitive damages

(10) LPI failed to mitigate.

## II. Standards

Under Federal Rule of Civil Procedure 50, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party[] and grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 50. The standard for deciding a motion for directed verdict is well-settled:

> [The Court] must determine whether the evidence presented at trial, when viewed in the light most favorable to the non-moving party and combined with all reasonable inferences that might be drawn therefrom, provides a sufficient probative basis for a verdict free from speculation over claims which are legally unfounded.

*North v. Madison Area Association*, 844 F.2d 401, 402 (7th Cir. 1988) (citing cases).

Additionally:

> A mere scintilla of evidence is not enough to require the submission of an issue to the jury. The decisions establish a more reasonable rule that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon which whom the onus of proof is imposed.

*Id.* (citing *Gunning v. Cooley*, 281 U.S. 90, 94 (1930)).

## III. Elements of Claim for Tortious Interference

LPI must prove: (1) the existence of a valid and enforceable contract between it and another; (2) ING U.S.'s awareness of the contractual relation; (3) ING U.S.'s intentional and unjustified inducement of a breach; (4) a subsequent breach caused by ING U.S.'s wrongful conduct; and (5) damages. *WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*, 49 A.3d 1168, 1174 (Del. 2012); Grund v. Donegan, 298 Ill. App. 3d 1034, 1038 (1st Dist. 1998). LPI also must prove that ING U.S. was a "stranger" to the contract. *See Lawrence H. Flynn, Inc. v. Philip Morris USA, Inc.*, No. 05 C 318, 2006 U.S. Dist. LEXIS 2438, at *16-17 (N.D. Ill. Jan. 19, 2006) (dismissing tortious interference claim because "[b]y [plaintiff's] own allegation, [defendant] [was] not a stranger to the contract").

## IV. No Reasonable Jury Could Find for LPI on Its Claim for Tortious Interference

### A. ING U.S. Was Not a Stranger to the JCA

ING U.S. personnel were involved in the negotiation and execution of the JCA. [First Amended Complaint, Doc. No. 128, ¶ 16; testimony of Gary Jenkins; testimony of Pamela Simon; testimony of Adam Simon; testimony of David Simon.] The JCA states expressly that compensation thereunder was to be paid under LPI's ING Life Companies General Agent Agreement. [Trial Exs. 48 and 339.] *See Lawrence H. Flynn, Inc.*, *supra*, at *16-17 (dismissing

tortious interference claim where defendant's contract was expressly incorporated into underlying contract and defendant thus had integral role in contract allegedly interfered with). Members of ING U.S.'s OCEO were on SLD's board of directors, Rodney Martin was an executive of SLD, and Prakash Shimpi was an officer or director of SLD as well. [Testimony of Rob Leary and Rod Martin.] ING also is referenced throughout LPI's own business records relating to the JCA and Peak. [Trial Ex. 30 (SLD); testimony of Pamela Simon; testimony of Adam Simon; testimony of David Simon.] Because ING U.S. was not a stranger to the JCA, it cannot be liable for tortious interference.

B. **ING U.S. is Entitled to a Conditional Privilege**

The conditional privilege is based on the business judgment rule. *Nation. Am. Capital, Ltd.*, 682 F.3d 648, 651-52 (7th Cir. 2012). A company's owner is entitled to protect its investment in the company. *Id.* at 653. When that owner exercises its business judgment based on legitimate financial concerns, its actions are conditionally privileged. *6030 Sheridan Rd., LLC v. Wright*, 2011 IL App (1st) 093282-U, ¶ 37–45. *See also Langer v. Becker*, 176 Ill. App. 3d 745, 833–35 (1988) (1st Dist. 1988) (conditional privilege applied to sales manager's duty to promote company's products, even if it induced breach of contract).

In *Nation*, the Seventh Circuit assumed, *arguendo*, that the defendant induced the breach of a severance agreement between a company and its former CEO. *Nation*, 682 F.3d at 651. The defendant was the majority shareholder of the breaching company. *Id.* The defendant suspended the former CEO's severance payments in order to preserve cash in the company during a liquidity crisis. *Id.* When the company filed for bankruptcy, the former CEO sued the defendant shareholder for inducing the suspension of his payments. *Id.* at 649. The trial court granted summary judgment for the defendant based on conditional privilege. *Id.* at 651–54. The Seventh Circuit agreed, finding "no evidence suggesting that [defendant] induced [company]'s breach of

[former CEO]'s severance agreement for any reason other than to protect its investment and to preserve [company]'s value for shareholders." *Id.* at 653. As the Seventh Circuit stated, "the privilege here is straightforward." *Id.* at 654.

ING U.S.'s privilege is likewise straightforward. ING U.S. exercised business judgment based on risks associated with a complex, single-broker, premium-financed, arbitrage investment product. [Testimony of Rodney Martin, Rob Leary, and Alain Karaoglan; Trial Exs. 261, 262, 263, 300 (Leary), 305 (Leary), 306 (Leary), 307 (Leary), 308 (Leary), 309 (Leary), 310 (Leary), and 332 (Martin).] Pamela Simon acknowledged those risks as being among the risks, generally, to insurance companies who issue Arbitrage-based policies. [Testimony of Pamela Simon.] ING U.S. did not believe there was a business justification to override the conclusion of risk management personnel. [Testimony of Rodney Martin, Rob Leary, and Alain Karaoglan; Trial Exs. 261, 262, 263, 300 (Leary) and 308 (Leary).] Whether that belief was correct or not, ING U.S. was entitled to exercise its business judgment and make that decision. Neither this Court nor a jury should substitute its business judgment for that of ING U.S. *Swager v. Couri*, 77 Ill. 2d 173, 191 (1979) (business decisions (even if incorrect) should not be made by courts through tort actions).

LPI faces a heightened burden to overcome ING U.S.'s privilege. *Cashen v. Integrated Portfolio Mgmt.*, No. 08-CV-268, 2008 WL 4976210, at *5 (N.D. Ill. Nov. 20, 2008) (describing requirement to show lack of justification in inducing a breach as "heightened"). The privilege can be overcome only if ING U.S. "induced the breach to further [its] personal goals or to injure the other party to the contract, *and* acted contrary to the best interest of the corporation." *Nation*, 682 F.3d at 653 (emphasis in original). There is no evidence that ING U.S. induced SLD to breach the JCA to further goals of ING U.S. independent of SLD's goals. Given the parent-

subsidiary relationship between ING U.S. and SLD, their goals were aligned. It was within the judgment of ING U.S.'s executives to determine those goals and act in furtherance of them. That certain personnel of SLD did not receive additional compensation as a result of Peak not being sold [testimony of Craig Umphress], is immaterial to the interests of ING U.S. and SLD.

ING U.S. sought to protect the legitimate business interests of the organization, including SLD. The corporate family benefits from adhering to robust risk management. LPI contends that ING U.S. prevented SLD's sale of Peak because ING U.S. was preparing for an initial public offering. The evidence is to the contrary. [Trial testimony of Gary Jenkins, Butch Britton, Prakash Shimpi, Rodney Martin, Rob Leary, and Alain Karaoglan.] Even if true, it would support ING U.S.'s position. ING U.S. is entitled to make strategic decisions it deems best for its business. *Nation*, 682 F.3d at 653 (business decisions that caused contractual breaches with third parties upheld as efforts to preserve value for company shareholders). Any product involving arbitrage (such as Peak) presents additional risks, including in relation to policy lapse. [Testimony of Pamela Simon, Prakash Shimpi, Butch Britton, Rodney Martin, Rob Leary and Alain Karaoglan.] As in *Nation*, dealing with organizational risk is a sound approach for preserving value in the organization.

In addition, no reasonable jury could find that ING U.S. "acted solely to harm Plaintiff." *6030 Sheridan Rd., LLC* at ¶ 40. LPI contended that certain actuarial ING U.S. personnel did not like LPI's president or Peak and wanted to terminate the project. The evidence was that certain actuarial personnel were negative on Peak and had trust issues with LPI's president. [Trial testimony of Butch Britton, Joe Fick, Francis de Regnacourt, and Prakash Shimpi.] Regardless, such personnel did not terminate the project. To the contrary, their work contributed towards finding that Peak fit within minimum pricing guidelines. [Testimony of Joe Fick; Trial Ex. 25.]

Finally, no reasonable jury could find that ING U.S.'s "actions were totally unrelated or even antagonistic to [SLD]'s interest," *6030 Sheridan Rd., LLC* ¶ 39. ING U.S. not making an exception for Peak was intended to serve company-wide interests vis-à-vis enterprise risk management. [Testimony of Prakash Shimpi, Rodney Martin, Rob Leary and Alain Karaoglan.] ING U.S. was entitled to make that determination.

### C. ING U.S. Did Not Induce SLD to Breach the JCA

Inducement is an essential element. *Marc Dev. v. Wolin*, 1996 U.S. Dist. LEXIS 8078, at *4 (N.D. Ill. June 10, 1996); *E.I. du Pont de Nemours v. Envirodyne Corp.*, No. 96C-04-291-JEB, 1998 Del. Super. LEXIS 315, at *24 (Del. Sup. July 9, 1998). A passive act is not inducement. *Farrell v. State*, 52 Ill. Ct. Cl. 275, 286 (1997). There must be proof of affirmative intentional acts. *Id.* Inducement requires some active persuasion, encouragement, or inciting that goes beyond merely providing information in some passive way. *Chapa v. Adams*, No. 94 C 2048, 1997 U.S. Dist. LEXIS 10599, at *24 ( N.D. Ill. July 17, 1997). The intentional act must be a significant factor in causing the breach. *E.I. du Pont,* 1998 Del. Super. LEXIS 315, at *24.

ING U.S. did not induce SLD to do anything. Review and approval of Peak by risk management personnel was needed but not obtained. [Testimony of Butch Britton, Rodney Martin, Rob Leary, Alain Karaoglan, Prakash Shimpi, Francis de Regnacourt, Gary Jenkins, Craig Umphress, and Pamela Simon; Trial Exs. 1, 3, 15, 19, 20, 30, 35.] Prakash Shimpi did not direct Richard Lau to come to any particular conclusion with respect to Peak. [Testimony of Prakash Shimpi and Francis de Regnacourt.] The OCEO of ING U.S. let the decision of risk management stand. [Testimony of Rodney Martin, Rob Leary, and Alain Karaoglan; Trial Exs. 261, 262, 263, 300 (Leary), 308 (Leary), 331 (Leary).]

### D. SLD Did Not Breach the JCA

ING U.S. incorporates by reference SLD's contemporaneously-filed Motion for Judgment as a Matter of Law.

### E. ING U.S. Did Not Engage in Wrongful Conduct

There is no evidence of wrongful conduct on the part of ING U.S., for the reasons stated above with respect to the conditional privilege.

### F. LPI Cannot Recover Lost Profits

ING U.S. incorporates by reference SLD's contemporaneously-filed Motion for Judgment as a Matter of Law.

### G. LPI Has Not Proven Trailing Commissions (In the Alternative)

ING U.S. incorporates by reference SLD's contemporaneously-filed Motion for Judgment as a Matter of Law.

### H. LPI Can Recover Nominal Damages At Most (In the Alternative)

ING U.S. incorporates by reference SLD's contemporaneously-filed Motion for Judgment as a Matter of Law.

### I. LPI Is Not Entitled to Punitive Damages

The General Agent Agreement states, "The parties agree that under no circumstances will any party be liable to any other party for lost profits, or any special, indirect, consequential, treble, multiple or punitive damages of any kind, whether or not foreseeable, incurred by any other party in connection with this Agreement." [Trial Ex. 339.] Thus, LPI cannot recover punitive damages.

Separately, punitive damages are not favored in the law. *Europlast, Ltd. v. Oak Switch Sys.*, 10 F.3d 1266, 1276 (7th Cir. 1993). To recover them, LPI must prove by a preponderance of the evidence that ING U.S. acted recklessly, or LPI must establish gross fraud or other

extraordinary or exceptional circumstances showing malice or willfulness. *Anthony v. Sec. Pac. Fin. Servs.*, 75 F.3d 311, 316 (7th Cir. 1996) (citing cases); *Sufrin v. Hosier*, 128 F.3d 594, 598 (7th Cir. 1997). No reasonable jury could find that LPI met this burden.

### J. LPI Failed to Mitigate

Following SLD's termination of the JCA, LPI did not undertake reasonable efforts to find any insurance company to sell life insurance policies based upon the Arbitrage Life Payment System. LPI determined not to made any meaningful effort to find another carrier, notwithstanding LPI's near 100% certainty that it could find both qualified insureds to apply for Arbitrage-based policies and lenders to finance premiums. [Trial testimony of Pamela Simon.] LPI's damages thus should be reduced to zero. *Fishman v. Estate of Wirtz*, 807 F.2d 520, 558 (7th Cir. 1986) (explaining that "plaintiff has a duty to mitigate damages" in tortious interference case).

## V. Conclusion

ING U.S. respectfully requests that the Court (a) grant its Motion for Judgment as a Matter of Law; (b) enter judgment in its favor on LPI's claim for tortious interference (First Amended Complaint, Count IV); and (c) award it any further relief which is appropriate and just.

Dated: February 6, 2017	Respectfully submitted,

ING U.S., INC. n/k/a VOYA FINANCIAL, INC.

By:  *s/ James V. Garvey*
  One of Their Attorneys

James V. Garvey, Bar No. 6224992
Nicole J. Highland, Bar No. 6291632
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
F: +1 312 609-5005

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT ING US., INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all to counsel of record on February 6, 2017.

*s/ James V. Garvey*
